Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
40 Wall Street
New York, NY 10005
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
K.B. individually and on behalf of her child C.K., a minor,

                Plaintiffs,                23-cv-_____ (____)(____)

  -against -                        **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
_____x

      Plaintiffs, K.B. individually and on behalf of her child, C.K, a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

      FIRST: At all relevant times, Plaintiff C.K. is a minor child with a disability. At all relevant times plaintiffs reside within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

      SECOND: At all relevant times, all plaintiffs and/or defendant have resided and/or continue to reside within the County of New York.

      THIRD: Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided by the IDEIA, as well

1

as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities *in camera*.

FOURTH: Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education (FAPE).

## NATURE OF THE ACTION

FIFTH: This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and a trial on behalf of the plaintiffs that resulted in a decision issued by an Impartial Hearing Officer ("IHO"), on the merits in plaintiffs' favor.

SIXTH: This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

SEVENTH: This court has jurisdiction over this action pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367 without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

EIGHTH: Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

NINTH: On or about September 3, 2019, plaintiffs, K.B. individually and on behalf of her child C.K., a minor, initiated a due process proceeding against defendant, case no. 186891, to direct defendant to issue tuition funding and/or reimbursement for C.K.'s enrollment at the Windward School ("Lang"), provide special education transportation, reimbursement for any costs incurred by parent and costs and fees based upon defendant's failure to provide C.K. with a FAPE for the 2019-20 school year.

TENTH: Following a trial, Impartial Hearing Officer Brad H. Rosken, Esq. issued a 12-page Findings of Fact and Decision (FOFD) dated June 23, 2020 for case no. 186891, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education ("FAPE") to the student for the 2019-20 school year.

b. Plaintiffs satisfied Prong II by demonstrating that the Windward School was at all relevant times an appropriate school placement for C.K. for the 2019-20 school year.

c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

ELEVENTH: The impartial hearing officer's Findings of Fact and Decision ("FOFD") dated June 23, 2020 for case no. 186891 directed defendant to issue reimbursement to the parent for the student's tuition at the Windward School and provide special education transportation for the 2019-20 school year.

TWELFTH: As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 186891.

THIRTEENTH: Under the IDEIA fee-shifting provision, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the trial related C.K.'s education for the 2019-20 school year.

3

FOURTEENTH:  Plaintiffs are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court.

## PROCEDURAL REQUIREMENTS

FIFTEENTH: Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

SIXTEENTH: Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

SEVENTEENTH: This action on behalf of all plaintiffs is timely brought based on the applicable statute of limitations.

EIGHTEENTH: As a consequence of the favorable, un-appealed administrative decision, referenced above, all plaintiffs qualify as "prevailing parties" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

NINETEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

## RELIEF REQUESTED

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the administrative proceeding; (c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the

Court; and (d) award plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
             June 20, 2023

            Respectfully submitted,


            __s/Irina Roller_____
            Irina Roller (IR 0177)
            Law Offices of Irina Roller, PLLC
            *Attorney for Plaintiffs*
            40 Wall Street
            New York, N.Y. 10005
            (212) 688-1100
            Email: *Hearings@RollerEsq.com*